UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORTIFERUM LEE KARMA,

                Plaintiff,

    v.

PAULA CHANDLER, et al.,

                Defendants.

CASE NO. 2:26-cv-01244-RSM-DWC

ORDER DECLINING SERVICE OF CIVIL RIGHTS COMPLAINT

Plaintiff Mortiferum Lee Karma, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. §1915A, the Court declines to direct service and, instead, provides Plaintiff leave to file an amended pleading by **June 25, 2026**, to cure the deficiencies identified herein.

**I.    Background**

Plaintiff, an inmate currently confined at Monroe Correctional Complex, filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. 6.  As defendants, Plaintiff names Paula Chandler, Ewing, B. Peterson, and J. Richer. *Id.* at 3–4. While the underlying factual basis for his claims and the extent of the defendants' involvement are difficult to discern, Plaintiff alleges his rights

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 1

under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated. *Id.* at 4. As relief, Plaintiff requests monetary damages and various forms of injunctive relief that are unclear and appear unrelated to one another. *Id.* at 6.

Plaintiff also attaches numerous documents to his complaint, including exhibits, a motion to appoint counsel, a request for a hearing, and affidavit. *Id*. at 13–36; Dkts. 7, 4-4, 4-5.

## II.   Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff has filed a complaint that is difficult to understand and does not contain a clear and concise statement of facts supporting his claims. Dkt. 6. Plaintiff has not shown how his rights were violated under First, Fourth, Sixth, Eighth, or Fourteenth Amendments to the United States Constitution, nor has he shown what role, if any, the Defendants played in the alleged constitutional violations. *Id.*

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 2

Plaintiff does not use this Court's standard form for prisoner civil rights complaints. *Id.* And, in the section of his complaint designated for the statement of claim, Plaintiff refers to a "torpedo retaliatory act" by the Department of Corrections but does not include clear and concise factual allegations demonstrating the factual basis for his claims. *Id.* at 5. Plaintiff also does not refer to any of the named defendants within this section of his complaint. *Id.* at 5–6. The Court therefore cannot determine what claims Plaintiff seeks to assert against each Defendant or whether Plaintiff has stated any plausible constitutional claim for relief.

Rather than setting forth factual allegations in the body of the complaint itself, Plaintiff instead refers to numerous external documents and other court cases. *Id.* These references, however, are not a substitute for a well-pled complaint. *Crary v. Washington*, No. 3:24-CV-5666-TMC, 2024 WL 4729499, at *3 (W.D. Wash. Sept. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-5666-TMC, 2024 WL 4722142 (W.D. Wash. Nov. 8, 2024) (declining to consider exhibits "as a replacement for a well-pled complaint"); *Banken v. Wormuth*, No. C24-06071-KKE, 2025 WL 672732, at *2 (W.D. Wash. Mar. 3, 2025) (same).

Thus, because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

**III.   Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 3

constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. Further, Plaintiff may not rely on external documents to identify the factual basis of his claim and must include all allegations and relevant facts in the body of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **June 25, 2026**, the undersigned will recommend dismissal of this action. Additionally, because Plaintiff must file an amended complaint before proceeding in this action, his motion for appointment of counsel (Dkt. 7) and request for a hearing (Dkt. 4-4) are denied without prejudice.

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 4

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 26th day of May, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5