UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MORTIFERUM LEE KARMA,<br>Plaintiff,<br>v.<br>PAULA CHANDLER, et al.,<br>Defendants. | CASE NO. 2:26-cv-01244-RSM-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: **August 5, 2026** |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. This matter is before the Court following Plaintiff Mortiferum Lee Karma's failure to file an amended complaint by the required deadline. *See* Dkt. 8. Accordingly, the undersigned recommends this action be dismissed for failure to state a claim, failure to comply with a court order, and failure to properly prosecute.

## I. BACKGROUND

Plaintiff, an inmate currently confined at Monroe Correctional Complex, filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. 6. As defendants, Plaintiff names Paula Chandler, Ewing, B. Peterson, and J. Richer. *Id.* at 3–4. While the underlying factual basis for his claims and the extent of the defendants' involvement are difficult to discern, Plaintiff alleges his rights

under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated. *Id*. at 4. As relief, Plaintiff requests monetary damages and various forms of injunctive relief that are unclear and appear unrelated to one another. *Id.* at 6.

On May 26, 2026, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Dkt. 8 ("Screening Order"). The Court concluded that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8 because it did not contain a short and plain statement of Plaintiff's claims, failed to allege facts linking each named defendant to any constitutional violation, and instead relied upon references to external documents and other court proceedings. *Id.* at 2–3.

Accordingly, the Court declined to direct service and granted Plaintiff leave to file an amended complaint curing those deficiencies no later than June 25, 2026. *Id.* 3–4. The Court expressly advised Plaintiff that if he failed to file an amended complaint or otherwise adequately address the identified deficiencies by the required deadline, the undersigned would recommend dismissal of this action. *Id.* at 4.

On May 27, 2026, the Court received from Plaintiff a Motion for Order of Medical Intervention, which was prepared and signed by him on May 25, 2026. Dkt. 9. No further filings have been received from Plaintiff. *See docket*.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). Conversely, if it is clear a complaint may not be cured through amendment, dismissal without leave to amend is appropriate. *Id.* Further, if the claims put forth in a complaint lack any arguable substance in law or in fact, then the complaint must be dismissed without leave to amend as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III. DISCUSSION

Plaintiff has failed to comply or otherwise respond to the Court's Screening Order directing him to file an amended complaint by June 25, 2026. Dkt. 8. While the Court has since received Plaintiff's Motion for Order of Medical Intervention, that Motion is signed and dated one day before the Court entered the Screening Order. Dkt. 9. The Court therefore does not construe the Motion as a response to the Screening Order. Further, because Plaintiff failed to file

an amended pleading curing the deficiencies in his original complaint, there is no operative pleading upon which the Court may grant the relief requested in his Motion.

Accordingly, this matter should be dismissed in light of Plaintiff's failure to state a claim, failure to comply with a court order, and failure to properly prosecute.

## IV. CONCLUSION

For the reasons stated above and those addressed in the Screening Order (Dkt. 8), the undersigned recommends that this action be dismissed for failure to state a claim, failure to comply with a court order, and failure to properly prosecute. The undersigned further recommends that Plaintiff's Motion for Order of Medical Intervention (Dkt. 9) be denied as moot.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 5, 2026**.

Dated this 14th day of July, 2026.

David W. Christel
United States Magistrate Judge